NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 09-50227 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00486-H-2 |
| v. | |
| **RAUL BECERRA-CURIEL**, | **MEMORANDUM** * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted March 4, 2010
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **W. FLETCHER**, Circuit Judge and
**TUNHEIM**,** District Judge.

The district court did not abuse its discretion by admitting evidence of

defendant's prior arrest for alien smuggling.  See Fed. R. Evid. 404(b); United

States v. Ramirez-Jiminez, 967 F.2d 1321, 1325–27 (9th Cir. 1992).

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

Nor did the district court err by denying defendant's Rule 29 motions on Count 1 of the indictment. (Defendant does not challenge the sufficiency of the evidence supporting his conviction on Count 2.) The testimony of the material witness and the 404(b) evidence are sufficient to support the conclusion that defendant knew or recklessly disregarded the fact the material witness "ha[d] not received prior official authorization to come to, enter, or reside in the United States." 8 U.S.C. § 1324(a)(2). That evidence is also sufficient to support a finding that defendant knew the material witness had been hidden in the car as part of an alien smuggling operation "for the purpose of commercial advantage or private financial gain." Id. § 1324(a)(2)(B)(ii). And that evidence, combined with the testimony of the Customs and Border Protection officers, would also allow a rational juror to conclude beyond a reasonable doubt that defendant took at least one affirmative step intending to aid or encourage that operation, whether at the "load house" or the border. There is sufficient evidence to support defendant's conviction for aiding and abetting a violation of 8 U.S.C. § 1324(a)(2)(B)(ii). See United States v. Lopez-Martinez, 543 F.3d 509, 515–16 (9th Cir. 2008).

**AFFIRMED.**